Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
Tel: 516-671-1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Rivas Herrera, individually and on behalf of all others similarly situated,<br><br>                                                        Plaintiff,<br><br>                        -*against*-<br><br>Marchello's Garden Grill, Inc., Frederick Marsilio and Gloria Marsilio,<br><br>                                                        Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Maria Rivas Herrera, individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby files this complaint against Marchello's Garden Grill, Inc., Frederick Marsilio and Gloria Marsilio, and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought individually and on behalf of the FLSA Collective (as hereinafter defined) to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA").

2. This action is also brought individually to remedy various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage statement, wage notice and uniform maintenance pay violations.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

*Plaintiff*

5. Plaintiff Maria Reyna Rivas Herrera is a natural person who resides in Suffolk County, New York.

*Corporate Defendant*

6. Defendant Marchello's Garden Grill, Inc. is a domestic corporation incorporated under the laws of the State of New York.

7. Defendant Marchello's Garden Grill, Inc. ("Marchello's") maintains a principal place of business at 64 North Country Road, Smithtown, New York.

*Individual Defendants*

8. Defendant Frederick Marsilio is a natural person who resides in Suffolk County, New York.

9. Upon information and belief, Defendant Frederick Marsilio, at all times relevant, was a shareholder of Marchello's.

10. Upon information and belief, Defendant Frederick Marsilio had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of her pay, and maintained records of her employment.

11. Upon information and belief, Defendant Frederick Marsilio exercised sufficient operational control over Marchello's to be deemed Plaintiff's employer.

12. Defendant Gloria Marsilio is a natural person who resides in Suffolk County, New

York.

13. Upon information and belief, Defendant Gloria Marsilio, at all times relevant, was a shareholder of Marchello's.

14. Upon information and belief, Defendant Gloria Marsilio had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of her pay, and maintained records of her employment.

15. Upon information and belief, Defendant Gloria Marsilio exercised sufficient operational control over Marchello's to be deemed Plaintiff's employer.

## FACTUAL ALLEGATIONS

16. At relevant times, Defendant Marchello's Garden Grill, Inc. was an employer as defined under the FLSA and NYLL.

17. At relevant times, Defendant Frederick Marsilio was an employer as defined under the FLSA and NYLL.

18. At relevant times, Defendant Gloria Marsilio was an employer as defined under the FLSA and NYLL.

19. At all relevant times, Defendant Marchello's has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

20. For the calendar year 2018, Defendant Marchello's had an annual dollar volume of sales or business done of at least $500,000.

21. For the calendar year 2019, Defendant Marchello's had an annual dollar volume of sales or business done of at least $500,000.

22. For the calendar year 2020, Defendant Marchello's had an annual dollar volume of sales or business done of at least $500,000.

3

23. At all relevant times, Marchello's operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

24. At all relevant times, Maria Rivas Herrera was an employee of and employed by the Defendants under the FLSA and NYLL.

25. More specifically, Plaintiff Maria Rivas Herrera ("Maria" or "Plaintiff") was employed by Defendants from on or about August 13, 2019 until on or about July 4, 2020.

26. Maria regularly worked five days per week.

27. Maria's regular working hours were from 11:00 am to 12:00 am on Tuesday and Thursday, 11:00 am to 1:00 am on Friday and Saturday, and from and 9:00 am to 11:00 pm on Sunday.

28. Maria did not take a lunch break.

29. On many weeks during her employment with the defendants, Maria worked at least her regularly scheduled hours (68 hours).

30. Maria worked as a busser.

31. Defendants failed to pay Maria time and one half her regular rate of pay for hours worked over 40. Instead, they paid her $10 per hour in cash for her overtime hours worked.

32. For example for the workweek from December 9, 2019 until December 15, 2019, the plaintiff worked more than 40 hours. For this pay period, the plaintiff was paid for 40 hours by check, and the remaining approximately 28 hours in cash, at a rate of $10 per hour.

33. Maria was not given a wage notice at hiring or at any time subsequent to hiring.

34. Maria was never given a wage statement reflecting the cash wages paid to her.

35. The wage statements furnished to Maria with her checks were defective because, inter alia, the statements did not reflect the cash wages paid.

36. Maria worked a spread of hours that exceeded ten approximately five days each

4

week.

37. Maria was never paid the spread of hours premium.

38. Maria received only one apron when she was hired.

39. Maria was required to wear the apron when working.

40. Maria was responsible for washing her apron.

41. Maria was never paid uniform maintenance pay by the Defendants.

## COLLECTIVE ACTION ALLEGATIONS

42. The claims in this complaint arising out of the FLSA are brought by the Plaintiff on behalf of herself and the following similarly situated persons:

> All current and former non-exempt, employees of Marchello's who have been employed any time during the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

43. Upon information and belief, the FLSA Collective consists of the following job titles: cooks and kitchen food prep staff, dishwashers, waiters, and bussers.

44. Upon information and belief, the FLSA Collective consists of approximately twenty five (25) similarly situated current and former employees of Marchello's who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

45. As part of its regular business practice, the Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

46. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt into this

action, pursuant to 29 U.S.C. § 216(b).

47. The Plaintiff intends on amending this complaint to assert state-based causes of action, as appropriate, on behalf of each individual who files a consent to join.

## FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

48. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

49. Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

50. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

51. Defendants were required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a workweek.

52. Defendants failed to pay Plaintiff the overtime wages to which she was entitled.

53. Defendants willfully deprived the Plaintiff of the overtime wages to which she was entitled.

54. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies.

## SECOND COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. (NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.4)*

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56. Defendants are each an employer under the NYLL.

57. Plaintiff is an employee under the NYLL.

58. Defendants were required to pay Plaintiff one and one-half times her regular rate of

6

pay for all hours worked in excess of forty (40) hours in a workweek.

59. Defendants failed to pay Plaintiff the overtime wages to which she was entitled.

### THIRD COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

60. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

61. Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

62. Plaintiff regularly worked a spread of hours that exceeded ten.

63. Defendants failed to pay the Plaintiff spread-of-hours pay.

### FOURTH COUNT

*Wage Notice Violations under NYLL § 195(1) and 198*

64. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

65. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring that contains inter alia, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

66. Defendants failed to furnish to the Plaintiff a wage notice as required by NYLL § 195.

### FIFTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

67. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

68. NYLL § 195(3) requires an employer furnish a wage statement with every wage

payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

69. Defendants failed to provide a wage statement for the cash payment of wages as required by NYLL § 195.

## SIXTH COUNT

*Uniform Maintenance Pay under 12 NYCRR 146-1.7*

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

71. The defendants did not maintain the plaintiff's required uniform.

72. "Where an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay[.]"

73. Defendants failed to pay the Plaintiff uniform maintenance pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

C. Unpaid spread of hours pay;

D. An amount to Spread of Hours Pay as liquidated damages under the NYLL;

E. Statutory damages for continuing violations of the wage notice provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

F. Statutory damages for continuing violations of the wage statement provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

    G.  Uniform maintenance pay as required by 12 NYCRR § 146-1.7.

    H.  Reasonable attorney's fees and costs of the action;

    I.  Prejudgment interest; and

    J.  Such other relief as this Court shall deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:     December 30, 2020

                                       Respectfully submitted,
                                       MOSER LAW FIRM, P.C.

                                     _____
                                     By:  Steven John Moser
                                     5 E. Main Street
                                     Huntington, NY  11743
                                     (516) 671-1150
                                     smoser@moseremploymentlaw.com
                                     *Attorneys for Plaintiff*